J-S16027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE TORRES | : | |
| | : | |
| Appellant | : | No. 2522 EDA 2022 |

Appeal from the PCRA Order Entered September 12, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0009745-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE TORRES | : | |
| | : | |
| Appellant | : | No. 2523 EDA 2022 |

Appeal from the PCRA Order Entered September 12, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division CP-51-CR-0009744-2017

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 31, 2023**

Jose Torres (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons discussed below, we affirm.

This Court previously recounted the underlying facts:

The victims' testimony at trial showed that they lived with [Appellant] and their three brothers for seven years[,] after they

were removed from the care of their mother because of physical abuse in her home. … [Victim 1] testified that [Appellant] repeatedly raped her starting [] when she was eight or nine years old until she was 14 years old. … [Victim 1] explained that she did not tell anyone about the abuse for a long time because she was "scared and embarrassed" and was afraid that "[Appellant] would do something to me." (N.T. Trial, 1/23/19, at 58, 62). [The victims] eventually told their two older sisters about the abuse, who assisted [the victims] in reporting [the abuse] to [the] police and moving from [Appellant's] home.

[Victim 2] testified that [Appellant] raped her "about two times a week, ... sometimes more," from the time she was nine years old until she was 12 years old. (*Id.* at 117, 119, 127). During these episodes, [Appellant] performed oral sex on her and anally penetrated her. … [Appellant] generally did not talk during the incidents, other than to tell her "not to tell anyone." (*See id.* at 131). [Victim 2] complied with this directive because she felt scared and embarrassed. (*See id.* at 125). She explained that [Appellant] abused her when her brothers were either sleeping or riding their bikes. (*See id.* at 136).

\*\*\*

The trial court held a jury trial on January 23-25, 2019, and the jury found [Appellant] guilty of [two counts each of unlawful contact with a minor, endangering the welfare of a child, corruption of minors, aggravated indecent assault, rape of a child, and involuntary deviate sexual intercourse]. On June 7, 2019, the trial court sentenced [Appellant to 37 - 74 years in prison,] followed by ten years of probation.

*Commonwealth v. J.T.*, 240 A.3d 950 (Pa. Super. 2020) (unpublished memorandum at 1-2).

On September 21, 2020, this Court affirmed Appellant's judgment of sentence. *Id.* On March 9, 2021, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. J.T.*, 250 A.3d 470 (Pa. 2021).

On February 9, 2022, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed attorney William A. Love (PCRA Counsel) to represent Appellant. On June 3, 2022, PCRA Counsel filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant did not file a response. On August 1, 2022, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a premature *pro se* notice of appeal.[1] On September 12, 2022, the PCRA court granted PCRA Counsel's motion to withdraw and dismissed Appellant's petition. The PCRA court appointed attorney Stephen T. O'Hanlon (Attorney O'Hanlon) to represent Appellant on appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following question for review:

1. Did the PCRA court err in dismissing Appellant's PCRA [p]etition because dismissal was not supported by the [r]ecord and free from legal error due to the fact that PCRA [C]ounsel was ineffective and did not engage in a sufficient analysis of Appellant's *pro se* issues pursuant to [**Finley**, **supra**] when Appellant's *pro se* [p]etition was in excess of twenty pages and prior PCRA [C]ounsel's analysis was effectively one page and therefore, this matter should be remanded for the filing of an amended [p]etition or a complete **Finley** letter?

_____

[1] Because the PCRA court subsequently dismissed Appellant's petition, his appeal is perfected. **Commonwealth v. McGarry**, 172 A.3d 60, 63 n.1 (Pa. Super. 2017) (premature appeal was proper because PCRA court subsequently entered a final order dismissing PCRA petition).

Appellant's Brief at 4.

We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

> [T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

Appellant contends PCRA Counsel was ineffective. The Pennsylvania Supreme Court has explained:

> [C]ounsel is presumed to have been effective and [] the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants

continue to bear the burden of pleading and proving each of the [foregoing ineffectiveness prongs] on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted).

In ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401. Because this is Appellant's first PCRA petition and he raises his claim at the first opportunity following PCRA Counsel's withdrawal and Attorney O'Hanlon's entry of appearance, ***Bradley*** applies.

"Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." ***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022).

> In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Appellant bases his claim of ineffectiveness on PCRA Counsel's no-merit letter. Appellant states:

[PCRA Counsel's] *Finley* letter … contains a three-page analysis. [PCRA] Counsel does not list all of [Appellant's] *pro se* issues. For example, the [Pa.R.Crim.P.] 600 issue is not referenced and the additional character witnesses are not mentioned.

The "Legal Discussion" is just over a page-and-a-half and does not individually address Appellant's *pro se* issues[,] even in the incomplete format as presented by PCRA [C]ounsel. There is no legal citation for several issues and the limited issues are addressed in one to two sentences. *Id.*

This format does not comply with *Finley* and *Turner*, *supra*.

PCRA [C]ounsel was, thus, ineffective. Appellant need not show prejudice because PCRA [C]ounsel failed to comply with the dictates of rules of court as well as *Finley* and *Turner*, *supra*.

Appellant's Brief at 10-11 (record citations omitted).

Established law provides that PCRA counsel seeking to withdraw must file with the court a "no merit" letter. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). Counsel must set forth in the letter the nature and extent of counsel's review of the case, list the issues the petitioner wishes to raise, and explain counsel's conclusion that the issues are meritless. *Id.* Counsel must send a copy of the no-merit letter to the petitioner, as well as a copy of the motion to withdraw. *Id.* Counsel should also provide a statement to petitioner explaining the right to proceed *pro se* or through new counsel. *Id.*

Instantly, the record refutes Appellant's assessment of PCRA Counsel's no-merit letter. As the PCRA explained:

> [PCRA Counsel] complied with the requirements of **Finley**. In his *pro se* petition, Appellant alleges an extensive number of claims as to why the court should award him relief. **See** Appellant's Pet., 02/09/2022. In his no-merit letter, [PCRA C]ounsel detailed the nature and extent of his review. [PCRA] Counsel stated he "conducted an exhaustive review of the record," that he and his associate each spoke with Appellant, that [Counsel] thoroughly examined Appellant's *pro se* petition, and reviewed the notes of testimony and the record on appeal. **Finley** Letter, 06/03/2022 at 1. PCRA [C]ounsel went on to list each of the claims for relief Appellant listed in his *pro se* petition. **Id.** at 1-2. Lastly, PCRA [C]ounsel provided a discussion as to why each of these issues lacked merit. **Id.** at 2-4. PCRA [C]ounsel cited to the record and provided the applicable law he used in determining that Appellant's *pro se* petition lacked merit. **Id.** at 1-4. [PCRA] Counsel's letter also advised Appellant of his right to appeal and/or to seek new counsel. **Id.** at 1.
>
> Accordingly, PCRA counsel's no-merit letter substantially complied with the **Finley** requirements.

PCRA Court Opinion, 11/18/22, at 8.

Moreover, Appellant references the three-prong test for ineffectiveness pronounced **Strickland v. Washington**, 466 U.S. 668, 687 (1984), but fails to address the first two prongs. Appellant's Brief at 9; **Wholaver**, **supra**. With respect to the third prong, which requires a petitioner to establish prejudice as a result of counsel's performance, Appellant baldly claims, without citation to legal authority, that he is not required to show prejudice. Appellant's Brief at 11.

Further, Appellant fails to detail what claims PCRA Counsel did not raise in the **Turner**/**Finley** letter. The two claims Appellant cites — the Rule 600

speedy trial issue and the character witness issue — are addressed by PCRA Counsel in the *Turner*/*Finley* letter. *Finley* Letter at 2-4.

Appellant does not refute PCRA Counsel's conclusion that the claims Appellant raised in his *pro se* PCRA petition lack merit. *See* Appellant's Brief at 8-12. Notably, the PCRA court filed a comprehensive Rule 907 notice in which it discussed its review of the record and explained why Appellant's claims lacked merit. *See* Rule 907 Notice, 8/1/22, at 1-9 (unnumbered). Appellant has not demonstrated that had PCRA Counsel filed a longer, more detailed *Turner*/*Finley* letter, the results of the PCRA proceeding would have been different.

Because Appellant has not addressed the first two prongs of the ineffectiveness test or provided legal support for his claim that he is not required to show prejudice, his layered claim of PCRA Counsel's ineffectiveness fails. *See Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (where appellant fails to prove any one prong of the ineffectiveness test, he does not meet his burden, and counsel is deemed constitutionally effective). The PCRA court did not err in granting PCRA Counsel's motion to withdraw and dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2023